JOHN G. CAVELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cavell v. Commissioner
Docket No. 3979-79.
United States Tax Court
T.C. Memo 1980-516; 1980 Tax Ct. Memo LEXIS 71; 41 T.C.M. (CCH) 395; T.C.M. (RIA) 80516; November 20, 1980, Filed *71 Petitioner's entitlement to deductions under secs. 170, 162 and 213, I.R.C. of 1954, determined. Petitioner's entitlement to, and amount of, casualty loss deduction under sec. 165 determined. Sec. 6653(a) addition to tax, for negligence, found inapplicable. John G. Cavell, pro se. Theodore F. Brill, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By letter dated January 22, 1979, respondent determined a deficiency in petitioner's income tax of $4,852 and an addition to tax under section 6653(a), I.R.C. of 1954, of $243 for the calendar year 1976. After concessions, the issues remaining for our consideration are: (1) whether petitioner is entitled to a charitable contribution deduction greater than the amount allowed by respondent; (2) whether petitioner is entitled to a casualty loss deduction under section 165; (3) whether petitioner satisfies the requirements of sections 162 and 274 and thereby is entitled to deduct certain entertainment, travel and dues expenses; (4) whether petitioner incurred automobile and delivery expenses in excess of those allowed by the respondent; (5) *74 whether petitioner is entitled to a medical expense deduction under section 213 in excess of the amount allowed by respondent; and finally (6) whether petitioner has shown that he should not be held liable for the addition to tax under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, John G. Cavell, resided in Ft. Lauderdale, Florida at the time he filed the petition herein. Petitioner, a cash-basis taxpayer, filed his Federal income tax return for the taxable year 1976 with the Director of Internal Revenue Service Center, Chamblee, Georgia. Petitioner during the year in issue operated a printing shop. An automobile was driven through the front of the building in which petitioner's business was located. A fire ensued and a substantial amount of petitioner's property and records were destroyed. Petitioner received from his insurance company $5,000 of the $11,000 claimed as a result of the accident. During 1976 petitioner, at the request of his former wife, paid certain medical expenses of their daughter. *75 The daughter lived with, and was claimed as a dependent by, the mother. Petitioner's testimony was for the most part uncontested. However, we believe that other than for the above found facts, the testimony and exhibits did not establish other relevant facts that would aid us in making our determination. OPINION Petitioner has the burden of proving his entitlement to claimed deductions and that he is not liable for the addition to tax for negligence. Rule 142, Tax Court Rules of Practice and Procedure.
Petitioner claimed $1,190 as charitable contributions of which respondent allowed $70. Petitioner testified at trial that the deductions claimed represented advances to employees, contributions to the Republican Senatorial Club, a specific senator, and such other organizations as the Girl Scouts, Boy Scouts, and Kiwanis. As the Court indicated at trial, contributions to political organizations and advances to employees are not properly deductible under section 170 as charitable contributions. These types of contributions do not meet the definition of charitable contributions as *76 set out in section 170(c). [1] Finally we note that with respect to those organizations to which a charitable contribution deduction would be allowed, petitioner has failed to present any evidence that such contributions exceeded the $70 allowed by the respondent. Therefore, we sustain respondent's determination on this issue. *77 Petitioner contends that, as a result of the automobile accident, his casualty loss therefrom exceeded his insurance recovery by $350. As a result of petitioner treating the loss as controlled by section 165(c)(3), he deducted only $250 ($350 - $100 limitation). During trial petitioner presented pictures of damage resulting from the accident as well as his own testimony on this issue. We find this testimony credible, and hence find that petitioner is entitled to a $350 casualty loss deduction. While petitioner on his return claimed the loss was subject to the limitations under section 165(c)(3), we find that the loss is properly deductible under section 165(a) and section 165(c)(1). Hence, petitioner is not subject to the $100 limitation of section 165(c)(3), and we increase petitioner's casualty loss from $250 claimed on the return to the $350 allowed above. With respect to the claimed automobile and so-called entertainment expenses, petitioner failed to present any evidence which would support a finding that he is entitled to a deduction in excess of the amounts allowed by respondent. Petitioner's testimony concerning the enter-tainment, travel, and dues expenses without *78 other corroborating evidence is insufficient to carry petitioner's burden of proof. See section 274(d). Therefore, we sustain respondent's determination with respect to these issues. The majority of the medical expenses in issue are those paid by petitioner for the benefit of his daughter. Section 213 allows a taxpayer to deduct the cost of medical care for himself, his spouse, and his dependents (as defined in section 152(a)). [2] Petitioner did not contest respondent's contention that his former wife claims their daughter as a dependent on her tax return. Thus, in the absence of other evidence, we must assume his former wife provides more than one-half of their daughter's support and that the daughter is not a dependent of petitioner within the meaning of sections 152 and 213. Accordingly, we sustain respondent's determination of the medical expenses. *79 The final issue presented is whether petitioner is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of the rules and regulations. Generally, where a taxpayer has failed to maintain adequate books and records, the addition to tax may be appropriate. However, in the instant case, petitioner testified that he did maintain records and that part of these records were destroyed in the automobile accident. Pictures evidencing the damage done to petitioner's business, as well as his own credible testimony, convinces us that it was the accident and not petitioner's negligence or intentional disregard of the rules that caused the lack of the records. Hence, we find that petitioner is not liable for the additions to tax under section 6653(a). Decision will be entered under Rule 155. Footnotes
1. Section 170(c) provides in pertinent part as follows: (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- (2) A corporation, trust, or community chest, fund, or foundation-- (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes or the prevention of cruelty to children or animals; (C) no part of the net earnings of which inures to the benefit of and private shareholder or individual; and (D) no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervenue in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office. A contribution or gift by a corporation to a trust, chest, fund, of foundation shall be deductible by reason of this paragraph only if it is to be used within the United States or any of its possessions exclusively for purposes specified in subparagraph (B). (3) A post or organization of war veterans, or an auxiliary unit or society of, or trust or foundation for, any such post or organization-- (A) organized in the United States or any of its possessions, and (B) no part of the net earnings of which inures to the benefit of any private shareholder or individual. (4) In the case of a contribution or gift by an individual, a domestic fraternal society, order, or association, operating under the lodge system, but only if such contribution or gift is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals.↩
2. Sec. 152(a) reads as follows: (a) General Definition.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, (2) A stepson or stepdaughter of the taxpayer, (3) A brother, sister, stepbrother, or stepsister of of the taxpayer, (4) The father or mother of the taxpayer, or an ancester of either, (5) A stepfather or stepmother of the taxpayer, (6) A son or daughter of a brother or sister of the taxpayer, (7) A brother or sister of the father or mother of the taxpayer, (8) A son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law of the taxpayer, (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household. (10) An individual who-- (A) is a descendant of a brother or sister of the taxpayer, (B) for the taxable year of the taxpayer receives institutional care required by reason of a physical or mental disability, and (C) before receiving such institutional care, was a member of the same household as the taxpayer.↩